1 | PHILIP M. MILLER (SBN 87877)
pmiller@sjlawcorp.com
2 | ANNE BEVINGTON (SBN 111320)
abevington@sjlawcorp.com
3 | KIMBERLY A. HANCOCK (SBN 205567)
khancock@sjlawcorp.com
4 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
5 | San Francisco, CA 94104
(415) 882-7900
6 | (415) 882-9287 – Facsimile

7 | Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUGLAS CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>JAE JUNG KIM dba TRI-CITY BODY & PAINT; TRI-CITY BODY & PAINT, INC., a California Corporation; and DOES 1-20,<br><br>Defendants. | Case No.: C 13-01597 JST<br><br>**STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER THEREON [F.R.C.P. Rule 41(a)(1)(A)(ii)]** |
|---|---|

IT IS HEREBY STIPULATED by and between the parties to this action, through their respective attorneys of record herein, that under the terms of the Settlement Agreement ("Settlement Agreement") attached hereto as Exhibit A, the Court shall dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees, and retain jurisdiction over this matter in the event that any action is required to enforce the terms of the Settlement Agreement after dismissal is entered by the Court.

IT IS SO STIPULATED.

-1-   STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE; [PROPOSED] ORDER THEREON
Case No. CV 13-01597 JST

I, Anne M. Bevington, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated:  February 6, 2014						SALTZMAN & JOHNSON LAW CORPORATION

							By:	/S/ Anne M. Bevington_____
								ANNE M. BEVINGTON
								Attorneys for Plaintiffs

Dated:  February 6, 2014						TRUCKER HUSS

							By:	/S/ Sean T. Strauss_____
								SEAN T. STRAUSS
								Attorneys for Defendants

## ORDER

Pursuant to the parties' Stipulation and Settlement Agreement, the terms and conditions of which are fully incorporated herein by this reference, and good cause appearing:

IT IS HEREBY ORDERED that this matter is dismissed with prejudice, the parties to bear their own costs and attorneys' fees.

IT IS FURTHER ORDERED that this Court shall expressly retain jurisdiction over this matter to enforce the Settlement Agreement should any action be required to enforce its terms after the dismissal with prejudice is entered by the Court.  See generally *Kokkonen v. Guardian Life Ins. Co. of America,* 511 US 357, 381 (1994); *Hagestad v.Tragesser,* 49 F.3rd 1430, 1432 (9th Cir. 1995).

IT IS SO ORDERED.

Dated: February 14, 2014		_____
					JON S. T[...]
					UNITED [...]

IT IS SO ORDERED
Judge Jon S. Tigar

# EXHIBIT A

# TO STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between the Automotive Industries Pension Trust Fund ("Trust Fund") and its Trustees, on the one hand, and Jae Jung Kim and Tri-City Body & Paint, Inc. (collectively, "Defendants"), on the other hand. The foregoing persons and entities are hereinafter collectively referred to as the "Parties," and individually as a Party.

## RECITALS

A. On May 11, 2012, the Trust Fund assessed withdrawal liability against Tri-City Body & Paint, a sole proprietorship owned and operated by Jae Jung Kim, and its controlled group in the amount of $153,049.00 ("the Assessment").

B. On April 9, 2013, the Trust Fund and its Trustees filed an action in the United States District Court for the Northern District of California, Case No. CV-13-1597 KAW, entitled <u>Automotive Industries Pension Trust Fund, et al., v. Jae Jung Kim dba Tri-City Body & Paint, et al.</u> ("the Action") to recover the Assessment and other alleged damages related to the Assessment.

C. By this Agreement and the accompanying Stipulation for Entry of Judgment, the Parties intend to fully resolve the Action and provide for the full and complete release of all claims between them.

In consideration of the foregoing and the mutual covenants and promises contained in this Agreement, and for other good and valuable consideration, the Parties mutually covenant, declare and agree as follows.

## AGREEMENT

### 1. Settlement Payment:

a. The Trust Fund and its Trustees agree to accept in full settlement of any and all Released Claims, as defined in Paragraph 5 herein, payment by Defendants in the amount of **$70,000.00** (Seventy Thousand Dollars) ("Settlement Amount").

b. The Settlement Amount shall pay payable as follows: Beginning on or before March 1, 2014, and continuing on or before the 1st day of each month thereafter for a period of 60 months, Defendant shall pay to Plaintiffs the amount of **$1,166.66** per month. Each monthly payment shall be due on the 1st day of each month and considered delinquent if not received by 5:00 p.m. on the 1st day of each month, or if the 1st day of the month falls on a weekend or holiday, on the next business day. No interest shall accrue on any part of the Settlement Amount, except as provided in the Stipulation for Entry of Judgment attached hereto as Exhibit A.

c. The payments of the Settlement Amount described above shall be made as follows: A check made payable to "Automotive Industries Pension Trust Fund" and delivered by first class, certified, or express mail to counsel for the Trust Fund addressed to Anne M. Bevington, Esq., Saltzman & Johnson Law Corp., 44 Montgomery Street, Suite 2110, San Francisco, CA 94104.

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

    **2.**     **Stipulation for Entry of Judgment**: Concurrently with the execution of this Agreement, Defendants shall execute and deliver to counsel for the Trust Fund a Stipulation for Entry of Judgment, in the form attached hereto as Exhibit A. The Trust Fund shall not cause the Stipulation for Entry of Judgment to be entered except in the event of default, as described in Paragraph 3 below.

    **3.**     **Default in Settlement Payment**: In the event that any payment due as described in Section 1 herein is not timely received, Defendants shall be considered in default. In the event of a default, counsel for the Trust Fund shall provide written notice by email and first class mail to counsel for Defendants, as provided in Paragraph 8 hereto, and to Defendants at the following company address:

        Jae Jung Kim
        Tri-City Body & Paint, Inc.
        37349 Blacow Rd.
        Fremont, CA 94536
        jaekim1126@gmail.com

Defendants shall have ten (10) business days from the date of the email notice within which to cure the default. If the default is not cured within ten (10) business days after the date of the email notice, the Trust Fund may immediately file with the court the Stipulation for Entry of Judgment.

    **4.**     **Dismissal of the Action**: Within 10 days after all Parties have executed this Agreement and the Stipulation for Entry of Judgment, the Parties shall file a Stipulation for Voluntary Dismissal of the Action, with prejudice, each party to bear their own costs and attorney's fees, with the Court retaining jurisdiction over the Action for purposes of enforcing this Agreement.

    **5.**     **Releases**: For good and valuable consideration, the Parties hereby, for themselves and their subsidiaries, parents, divisions, joint venturers, predecessors, successors, insurers, assigns, assignors, consultants, subcontractors, trustees, fiduciaries, administrators, participants, stockholders, officers, directors, partners, executors, conservators, guardians, lienholders, beneficiaries, representatives, attorneys, principals, agents, servants, employees, family members, heirs, and assigns, and each of them, present and future, irrevocably and forever fully release, waive, discharge and acquit each other, from any and all rights, claims, actions, demands, liabilities, causes of action, obligations, losses, expenses of any kind, judgments and damages of any kind, whether in law or in equity, and whether arising under federal, state or other applicable law, which either Party now has, at any time heretofore had, owned or held, known or unknown, concealed or hidden, that are based upon, arise from, or relate to the Assessment, including but not limited to any claims which were or could have been asserted in the Action. All claims released by this Paragraph will be referenced in this Agreement as "Released Claims."

    **6.**     **Waiver of Unknown Claims:** As to the Released Claims, the Parties further agree to waive all rights under Section 1542 of the Civil Code of California, which provides that a general release does not release claims of which a party is not yet aware. Section 1542 reads as follows:

        **Section 1542. (General Release – Claims Extinguished.) A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

- 2 -

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

> **which if known by him or her must have materially affected his or her settlement with the debtor.**

In addition, the Parties expressly waive the benefits of any similar case or statutory law applicable in any other jurisdiction.

In connection with such waiver and relinquishment, the Parties further acknowledge that they may later discover facts different from, or in addition to, those which they now know or believe to be true with respect to the Released Claims, and they assume the risk that this Agreement will waive causes of action with respect to the Released Claims, regardless of their nature or value, which subsequently may become known to them. The Parties agree that this Agreement shall be and shall remain effective in all respects, and shall not be subject to termination or rescission notwithstanding such different or additional facts or the discovery of such facts.

7. **Sole Liability for Tax Obligations**: No Party has relied upon any advice from any other Party as to the necessity for withholding or the taxability of the payments referred to in Paragraph 1, whether pursuant to federal, state or local income tax structures or regulations or otherwise. The Parties understand that the payments referred to in Paragraph 1 shall be without tax withholding deductions, and agree that each of them will be solely liable for all tax obligations, if any, arising from the payments specified in this Agreement.

8. **Notices**: All notices and other communications required and permitted hereunder will be in writing and will be delivered as follows:

> If to the Trust Fund:
>
> Anne M. Bevington, Esq.
> Saltzman & Johnson Law Corp.
> 44 Montgomery Street, Suite 2110
> San Francisco, CA 94104
> Tel: (415) 882-7900
> Fax: (415) 882-9287
> abevington@sjlawcorp.com
>
> If to Defendants:
>
> Sean T. Strauss, Esq.
> Trucker Huss APC
> 1 Embarcadero Center, 12th Floor
> San Francisco, CA 94111
> Tel: (415) 788-3111
> Fax: (415) 421-2017
> sstrauss@truckerhuss.com

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

**9.** **No Admission**: This Agreement is entered into solely for the purpose of compromise, and may not be construed as an admission by any Party hereto with respect to the matters released herein.

**10.** **Attorney's Fees and Costs**: The Parties agree to bear their own attorney's fees and expenses concerning calculation of the Assessment, litigation of the Action (except as provided in the Stipulation for Entry of Judgment, attached hereto as Exhibit A), negotiating this settlement, and drafting this Agreement.

**11.** **Binding on Successors**: This Agreement and the covenants and conditions herein contained shall apply to, be binding upon and inure to the benefit of the respective legal representatives, assigns, successors, and agents of the Parties hereto.

**12.** **Severability**: The provisions of this Agreement are severable and should any provision be for any reason unenforceable, the balance shall nonetheless be of full force and effect.

**13.** **Governing Law**: This Agreement is entered into pursuant to the laws of the United States and the State of California to the extent not preempted by Employee Retirement Income Security Act of 1974 and shall be interpreted pursuant to those laws.

**14.** **Amendment**: Except by a further written agreement signed by the Parties: (a) this Agreement may not be amended, altered, modified or changed in any way; and (b) no waiver, forbearance or failure to enforce any provision of this Agreement will be deemed to be a waiver of any right with respect to any other occurrence or with respect to any other provision hereof.

**15.** **Voluntary Agreement**: Each Party further represents and warrants that the contents of this Agreement have been explained to him, her or it by his, her or its counsel, and that this Agreement is executed voluntarily and with full knowledge of its significance.

**16.** **Entire Agreement**: This Agreement together with the Stipulation for Entry of Judgment, attached hereto as Exhibit A, constitutes the entire agreement among the Parties with reference to the subject matter hereof and all prior negotiations and understandings among the Parties, written or oral, pertaining to the subject matter hereof, have been merged herein. The Parties acknowledge that no representation or promise not expressly contained in this Agreement or the Stipulation for Entry of Judgment has been made, and further acknowledge that they are not entering into this Agreement in reliance upon any promise or representation, express or implied, other than those expressly contained in this Agreement or the Stipulation for Entry of Judgment.

**17.** **Preparation of Agreement**: This Agreement is the product of negotiation and preparation by and among the Parties and their respective attorneys. The Parties, therefore, expressly acknowledge and agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or its attorneys. Therefore, this Agreement shall be interpreted according to its fair meaning and not for or against any Party, and the Parties expressly waive the provisions of Section 1654 of the California Civil Code with regard to the interpretation of this Agreement.

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

**18.** **Authority to Enter into Agreement:** Each Party represents and warrants that it, he or she has the authority to enter into this Agreement and fully bind such Party, and that the individual executing this Agreement is authorized to do so on behalf of the Party. The execution of this Agreement by James H. Beno, a Trustee of the Trust Fund, is valid an binding on the Trust Fund and all of its Trustees named in the Action.

**19.** **Counterpart Execution:** This Agreement may be executed in counterparts and will be binding when it has been executed and delivered by the last signatory hereto to execute a counterpart. A facsimile or pdf signature shall be deemed to constitute an original signature for purposes of this Agreement. After execution of counterparts by each designated signatory, counsel for the Trust Fund agree to furnish each Party with a composite conformed copy of this Agreement reflecting all counterparts signatures.

**20.** **Headings:** Headings contained in this Agreement are for the convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

**21.** **Further Acts:** Each of the Parties to this Agreement agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions contained in this Agreement.

THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

**IN WITNESS WHEREOF**, the persons named below have signed this Agreement on the dates shown below and by signing below each party acknowledges that this Agreement is executed voluntarily and without duress or undue influence on the part of, or on behalf of, the Parties or any other person, firm or entity.

January 24, 2014

Automotive Industries Pension Trust Fund
and its Trustees

By: *[signature]*
James H. Beno, Trustee

January ___, 2014

**Jae Jung Kim, Individually**

January ___, 2014

**Tri-City Body & Paint, Inc.**

By: Jae Jun Kim
Title: President

APPROVED AS TO FORM

**ATTORNEYS FOR THE TRUST FUND:**

January 24, 2014

Saltzman & Johnson Law Corporation

By: *[signature]*
Anne Bevington
Attorneys for Plaintiffs the Automotive Industries Pension Trust Fund and its Trustees

**ATTORNEYS FOR DEFENDANTS:**

January ___, 2014

TRUCKER HUSS

By: _____
Sean T. Strauss
Attorneys for Defendants Jung Kim and Tri-City Body & Paint, Inc.

-6-

Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.

IN WITNESS WHEREOF, the persons named below have signed this Agreement on the dates shown below and by signing below each party acknowledges that this Agreement is executed voluntarily and without duress or undue influence on the part of, or on behalf of, the Parties or any other person, firm or entity.

|  |  |
|---|---|
| January ____, 2014 | **Automotive Industries Pension Trust Fund and its Trustees**<br><br>By: _____<br>James H. Beno, Trustee |
| January 27, 2014 | **Jae Jung Kim, Individually**<br><br>*/signature/* |
| January 27, 2014 | **Tri-City Body & Paint, Inc.**<br><br>*/signature/*<br>By: JaeJun Kim<br>Title: President |

APPROVED AS TO FORM

ATTORNEYS FOR THE TRUST FUND:

January ____, 2014            Saltzman & Johnson Law Corporation

By: _____
Anne Bevington
Attorneys for Plaintiffs the Automotive Industries Pension Trust Fund and its Trustees

ATTORNEYS FOR DEFENDANTS:

January 27, 2014             TRUCKER HUSS

By: */signature/*
Sean T. Strauss
Attorneys for Defendants Jung Kim and Tri-City Body & Paint, Inc.

- 6 -

# EXHIBIT A

to
Settlement Agreement Between
Automotive Industries Pension Trust Fund,
Jae Jung Kim and Tri-City Body & Paint, Inc.
U.S. District Court, Northern District of California
Case No. C 13-01597 JST

```
 1 | PHILIP M. MILLER (SBN 87877)
   | pmiller@sjlawcorp.com
 2 | ANNE M. BEVINGTON (SBN 111320)
   | abevington@sjlawcorp.com
 3 | KIMBERLY A. HANCOCK (SBN 205567)
   | khancock@sjlawcorp.com
 4 | SALTZMAN & JOHNSON LAW CORPORATION
   | 44 Montgomery Street, Suite 2110
 5 | San Francisco, CA 94104
   | (415) 882-7900
 6 | (415) 882-9287 – Facsimile
 7 | Attorneys for Plaintiffs
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUGLAS CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> JAE JUNG KIM dba TRI-CITY BODY & PAINT; TRI-CITY BODY & PAINT, INC., a California Corporation; and DOES 1-20, <br><br> Defendants. | Case No.: C 13-01597 JST <br><br> **STIPULATION FOR ENTRY OF JUDGMENT; [PROPOSED] ORDER THEREON** |

The parties to this action hereby stipulate and agree that Judgment be entered in favor of Plaintiffs AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, JAMES H. BENO, Trustee, BILL BRUNELLI, Trustee, STEPHEN J. MACK, Trustee, CHRIS CHRISTOPHERSEN, Trustee, DON CROSATTO, Trustee, MARK HOLLIBUSH, Trustee, JON ROSELLE, Trustee, DOUG CORNFORD, Trustee, and JAMES V. CANTERBURY, Trustee, and against Defendants JAE JUNG KIM dba TRI-CITY BODY & PAINT; TRI-CITY BODY & PAINT, INC., as follows:

1. Plaintiffs filed this action against defendants for collection of withdrawal liability assessed against Tri-City Body & Paint, a sole proprietorship owned and operated by Jae Jung Kim, and its alleged controlled group.

2. The parties have reached a full and final settlement in this matter as set forth in a written settlement agreement ("Settlement Agreement").

3. In the event of a default of the Settlement Agreement by Defendants that is not cured, Plaintiffs shall be entitled to enter a binding and final judgment in this Action in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $153,049.00, reduced by payments received from Defendants pursuant to the Settlement Agreement, and increased by interest on the unpaid amount of the Judgment from June 30, 2012, at the rate of 7% simple interest per annum (the "Interest"), plus an amount equal to the greater of the Interest or 20% liquidated damages on the unpaid amount, together with reasonable attorney's fees and costs.

4. This Stipulation will only be filed with the Court in the event of Defendants' default of the Settlement Agreement and if the default is not cured pursuant to the terms of the Settlement Agreement, for the purposes of having Judgment entered. All that shall be required for Judgment entry shall be the filing of this Stipulation with this Court, along with a declaration of a duly authorized representative of Plaintiffs as to all amounts remaining due under the terms of the Settlement Agreement. Defendants waive notice of all proceedings, including Notice of Entry of Judgment, and expressly waive all rights to stay of execution and appeal.

5. Plaintiffs and Defendants specifically consent to the authority of a Magistrate Judge for all post-judgment proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution.

6. The Parties agree that, if any Defendant files a bankruptcy petition, any payments made pursuant to the terms of this Stipulation and the Settlement Agreement shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

7. Any failure on the part of the Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation or the Settlement Agreement shall not be deemed a waiver of any subsequent breach by the Defendants of any provisions thereof.

8. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

9. This Stipulation and any Judgment entered hereon is limited to the Plaintiffs' claim to recover assessed withdrawal liability as alleged in the Complaint.

10. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering into this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

11. This Stipulation may be executed in any number of counterparts and by facsimile or pdf, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

12. Defendants represent and warrant that they have read this Stipulation with care, are fully aware of its terms, and enter into this Stipulation voluntarily and without duress.

[SIGNATURES ON FOLLOWING PAGE]

///
///
///
///
///
///

|   |   |   |
|---|---|---|
| 1 |   | AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al. |
| 2 | Dated: January 24, 2014 |   |
| 3 |   | By: /s/ James H. Beno |
| 4 |   | James H. Beno, Trustee |
| 5 | Dated: January ___, 2014 |   |
| 6 |   | _____ |
|   |   | JAE JUNG KIM, an individual |
| 7 |   |   |
| 8 |   | TRI-CITY BODY & PAINT, INC. |
| 9 | Dated: January ___, 2014 | _____ |
|   |   | By: Jae Jung Kim, President |

IT IS SO ORDERED.

Dated: _____, _____

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE

- 4 -   STIPULATION FOR ENTRY OF JUDGMENT; [PROPOSED] ORDER THEREON; CASE NO. CV 13-1597 JST

P:\CLIENTS\AUTPF\W\CASES\Tri-City\Pleadings\Settlement\Stipulated Judgment\1-23-14 FINAL Stipulation_for_Entry_of_Judgment FINAL.doc

1 | AUTOMOTIVE INDUSTRIES PENSION TRUST FUND, et al.

2 | Dated: January ____, 2014

3 | By: _____
James H. Beno, Trustee

5 | Dated: January 27, 2014

_____
JAE JUNG KIM, an individual

7

TRI-CITY BODY & PAINT, INC.

8 | Dated: January 27, 2014

_____
By: Jae Jung Kim, President

12 | IT IS SO ORDERED.

14 | Dated: _____, ____

HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE

- 4 -   STIPULATION FOR ENTRY OF JUDGMENT;
[PROPOSED] ORDER THEREON; CASE NO. CV 13-1597 JST